NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTINA MICHELLE PACHECO, *Appellant.*

No. 1 CA-CR 16-0902
FILED 1-24-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-114154-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mercer Law, PLC, Mesa
By Stephen N. Mercer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Lawrence F. Winthrop joined.

---

**C A T T A N I**, Judge:

¶1 Christina Michelle Pacheco appeals her convictions and sentences resulting from a fraudulent fundraising scheme. Pacheco's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Additionally, we requested *Penson*[1] briefing from both parties on whether the court's jury instructions regarding the charge of aggravated taking the identity of another resulted in fundamental error. After reviewing the record and considering the additional briefing submitted by the parties, we affirm Pacheco's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In late 2013, Pacheco ordered approximately 500 coupon books with the logo of Students Against Destructive Decisions ("SADD") on the cover and coupons for seven businesses inside. Several of the businesses had agreed to offer coupons after Pacheco represented to them that she was fundraising and that the proceeds would go to SADD. Pacheco recruited students from nearby high schools to sell the books door-to-door, telling them that she was affiliated with SADD and offering them one half of the book's $20 sale price for each book sold. She instructed the students to tell residents that they were affiliated with SADD and to create stories that would boost sales.

¶3 On January 31, 2014, while selling the coupon books in Phoenix, a student coincidentally knocked on the door of SADD's Arizona director, who knew that no organization had received authorization to use the SADD logo in such a coupon book. The director confronted Pacheco about selling the unauthorized books, and after both sides spoke with the

---

[1] *Penson v. Ohio*, 488 U.S. 75 (1988).

responding officers, the officers confiscated all of the coupon books Pacheco had with her. Undeterred, Pacheco filed an application to start a SADD chapter the next day, which was later denied because her proposed chapter was not linked with a school or community organization.

¶4        Two weeks later, Pacheco met with Detective Wilcox of the Phoenix Police Department, who told her to stop selling the coupon books until he had determined whether the books were legitimate.

¶5        On February 28, Peoria police received a report of suspicious door-to-door sales, and the responding officers found Pacheco, along with several students, selling the coupon books. Pacheco showed one officer a generic SADD form, claiming that it gave her permission to sell the books, and when the officer asked her about the January 31 incident in Phoenix, she replied that "the case had been resolved." Because that officer found Pacheco credible and did not have access to Phoenix police's files, the officer did not arrest Pacheco. In the following weeks, Pacheco had several more encounters with Detective Wilcox, telling him that although she intended to donate 30% of the proceeds to SADD, she had not sent any money to the organization yet. After further investigation of the matter, Phoenix police arrested Pacheco in late March 2014.

¶6        Pacheco was charged with participation in a criminal syndicate (class 2 felony), fraudulent schemes and artifices (class 2 felony), two counts of aggravated taking the identity of another (class 3 felonies), two counts of forgery (class 4 felonies), and false reporting to law enforcement (class 1 misdemeanor). After an eight-day jury trial, the jury found Pacheco guilty as charged. The court found that Pacheco had seven historical prior felony convictions and sentenced her as a category three repetitive offender to concurrent terms of imprisonment, the longest of which is 15.75 years, with 55 days of presentence incarceration credit. Pacheco timely appealed.

**DISCUSSION**

¶7        We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶8        After empaneling the jury, the superior court read jurors the preliminary jury instructions detailing the elements of each offense charged. This included an accurate instruction on aggravated taking the identity of another. At the close of evidence, the court again instructed the jury on aggravated taking the identity of another, but failed to read a

portion of the full instruction, which arguably could have led jurors to erroneously convict Pacheco of the offense.

¶9 The parties submitted supplemental briefing regarding whether the omitted jury instruction resulted in fundamental error. Pacheco concedes in her brief that that the instructional error was not prejudicial, and she notes that the more appropriate vehicle for her to seek relief from her convictions and sentences is a petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.

¶10 The record reflects that the superior court afforded Pacheco all her constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Pacheco was present and represented by counsel at all stages of the proceedings against her. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Pacheco's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶11 Pacheco's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Pacheco's representation in this appeal will end after informing Pacheco of the outcome of this appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Pacheco has 30 days from the date of this decision to proceed, if she desires, with a *pro se* motion for reconsideration or petition for review.

